IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 31 PM 1:45

| | | |
|---|---|---|
| CITATION BUSINESS SYSTEMS, INC., d/b/a EPARTNERS, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } | 00-AR-1839-S |
| EPARTNERS, INC., formerly TEXSYS RD CORPORATION, et al., | } } } | |
| Defendants. | | |

ENTERED
JUL 3 1 2000

**MEMORANDUM OPINION**

The court gave an expedited hearing to the petition of Citation Business Systems, Inc., d/b/a partners, plaintiff in the above-entitled cause, for a preliminary injunction against defendants, Texsys RD Corporation, Epartners, Inc., and Corporation Service Company, d/b/a CSC Lawyers Incorporating Services, Incorporated. The court deferred consideration of plaintiff's duplicative request for a temporary restraining order, expecting that request to become moot on the basis of whatever action the court takes on plaintiff's request for preliminary injunctive relief. Texsys RD Corporation has undergone a name change and is now Epartners, Inc. Therefore, Texsys RD Corporation has been removed from the style as a separate defendant.

There is nothing in the record to indicate service of process

1



on, or a voluntary appearance by, defendant Corporation Service Company. Therefore, no relief can be granted against the said defendant at this stage of the proceeding.

Plaintiff might have been better off to demand a jury trial and to seek only monetary damages instead of injunctive relief that will necessitate the posting of a substantial bond under Rule 65(c), F.R.Civ.P. Nevertheless, after considering the evidence in light of the oral argument and the well prepared briefs submitted by the parties, the court concludes that plaintiff is entitled to a preliminary injunction. Some of the pertinent facts are not disputed. Others found by the court are based on the court's evaluation of competing evidence.

<u>Findings of Fact</u>

1. The mark "epartners" now being used by the defendant in Alabama is identical, for all practical purposes, to the mark being used by plaintiff. This use by defendant has created, and will continue to create, confusion in the market and in the public mind as to which entity is being dealt with. This is true even though the customers of, and the services provided by, the two entities are not identical. They both involve the providing of computer and internet services, even though different in kind, and the intensive advertising campaign being conducted by defendant is creating confusion.

2. Plaintiff legally began to use the name "epartners" in

Alabama several months before defendant started using it. If, shortly before beginning to use the name in Alabama, defendant had asked the Secretary of State of Alabama if the name was available, it would have learned that the name had been reserved by plaintiff.

    3.  Plaintiff has built some degree of good will around the name "epartners," in Alabama and the current confusion has caused it some degree of harm, although the quantification of that harm may be difficult.

    4.  Thus far defendant concedes that plaintiff is entitled to use the name "epartners" in Alabama.

Conclusions of Law

Based on the foregoing facts, the court reaches the following legal conclusions.

    1.  This court has jurisdiction over the subject matter and over the parties, except Corporation Services Company.

    2.  There is substantial likelihood that plaintiff will prevail on the merits under the Lanham Act.

    3.  There is substantial threat of immediate and irreparable harm to plaintiff if defendant continues to use the name "epartners" in Alabama.

    4.  Plaintiff's potential injury outweighs, if barely, any injury that may result to defendant for the conflicting use of the name "epartners" in Alabama.

    5.  The public interest will not be substantially disserved by

an issuance of an injunction against defendant.

These conclusions lead the court to grant plaintiff's requested preliminary injunction by separate order.

DONE this 31st day of July, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE